UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OBIAGWU,

Plaintiff,

-v-

EDWAR AMEAN; KLIK TICKETS; MODY
AMEAN; MARIO DOE; ADEL GHATTAS,

Defendants.

25 Civ. 6918 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under the Copyright Act, 17 U.S.C. § 501,

*et seq.*, as well as under New York law, alleging that defendants published his art without his

permission, breached their contract with him, and defamed him throughout the professional

photography industry.  By order dated October 16, 2025, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  For the reasons that

follow, the Court: (1) directs plaintiff, within 30 days of this order, to provide the Court with

addresses where each defendant can be served with process, and (2) denies, without prejudice,

plaintiff's motion for the Court to issue summonses, Dkt. 8.

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on

assistance from the Court and the U.S. Marshal Service (USMS) to effect service.  *Walker v.*

*Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the

court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must

order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although the

court will assist a plaintiff proceeding IFP with effecting service on a defendant, "[i]t is the

responsibility of the plaintiff . . . to provide a current address at which service may be effected on

each defendant." *Van Arsdol v. Charles*, No. 25-CV-5366 (LTS), 2025 WL 1808881, at *1 (S.D.N.Y. July 1, 2025) (quoting *Lewis v. Maldonado*, No. 14-CV-0437 (MPS), 2015 WL 2016174, at *1 (D. Conn. May 1, 2015)).

The Court therefore directs plaintiff, within 30 days of the date of this order, to provide the Court with service addresses for each defendant. If plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time. Once plaintiff provides service addresses, the Court will issue an order directing the Clerk of Court to provide all documents and information needed to effect service to the USMS. In light of this order, the Court denies, without prejudice, plaintiff's motion to issue summonses. Dkt. 8.

## CONCLUSION

The Court directs plaintiff, within 30 days of the date of this order, to provide the Court with current addresses at which defendants may be served. If plaintiff fails to comply with this order within the time allowed, or if he fails to seek an extension of time to comply, the Court will dismiss the action without prejudice to refiling a new civil action.

The Court denies without prejudice plaintiff's motion for the Court to issue summonses, and the Clerk of Court is directed to terminate the motion pending at docket 8.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 10, 2026
          New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

2