UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMMANUEL OBIAGWU,

<table>
<tr><td>Plaintiff,</td><td><b><u>ORDER</u></b></td></tr>
<tr><td>-against-</td><td><b>25-CV-6918 (PAE) (JW)</b></td></tr>
</table>

AMEAN et al.,

Defendant.
-------------------------------------------------------------------X
**JENNIFER  E. WILLIS, United States Magistrate Judge:**

Before this Court are *pro se* Plaintiff's two motions for preservation orders for (1) "essential discoverable materials" in the possession of an unknown third party and (2) surveillance video from the Klik photography booth that is "likely to have captured the assault and harassment of Plaintiff." Dkt. Nos. 25, 28.[1]  For the reasons stated below, the preservation motions are **DENIED**.

## BACKGROUND

Plaintiff brings claims for breach of contract, defamation, copyright infringement, breach of fiduciary duty, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, violation of antitrust laws, tortious interference, malicious prosecution, harassment, sexual harassment, conversion and theft, and fraud against Edwar Amean, Klik Tickets, Mody Amean, Mario Doe, Adel Ghattas, and John Doe ("Defendants").  Dkt. No. 23.

---

[1] Plaintiff filed a third motion for a preservation order on June 14, 2026.  Dkt. No. 34. However, Plaintiff seeks an order preserving the same surveillance video that is the subject of the second motion for a preservation order filed on June 2, 2026.

On May 24, 2026, Plaintiff filed a motion for a preservation order stating "[a] non-party currently known as 'Steve Doe' ('Doe' being a fictitious name as Steve's last name is currently unknown) is in custody of essential discoverable materials regarding allegations in the complaint." Dkt. No. 25 at 1. Plaintiff believes the evidence is in "great danger" of destruction because "another potential witness who is an affiliate of Steve Doe" admitted to destroying and deleting video of an altercation with Defendants. Id.

The evidence Plaintiff seeks are documents that support Plaintiff's claims that Defendants Edwar Amean, Mody Amean, and Adel Ghattas "engaged in anticompetitive practices, threaten[ed] to use police to target competitors, threaten[ed] to get competitors 'locked up' and threat[ened] violence to competitors." Id. at 2. Plaintiff, through a declaration, adds that Defendants have had numerous conflicts with Steve Doe that have resulted in violence, false accusations, and police interference and is aware that Defendants approached Steve Doe to apologize and "offer business related incentives" after discovering that Plaintiff reached out to Steve Doe and intended to pursue claims against Defendants. Dkt. No. 26.

Plaintiff does not know the last name or address of Steve Doe but states that Mr. Doe works and "operates a mobile videography stand in midtown [M]anhattan area during late night hours which does not have an address…" Dkt. No. 25 at 2. In addition to the preservation order, Plaintiff requests this Court "issue an order permitting Plaintiff to self-serve Steve Doe whose address and full name are unknown. Id.

On June 2, 2026, Plaintiff filed a second motion for a preservation order. Dkt. No. 28.  Plaintiff states he was assaulted near the Klik photography booth on May 26, 2026.  Id.  Plaintiff seeks to preserve surveillance video that "is likely to have captured the assault and harassment of Plaintiff."  Id.  Plaintiff states he informed Defendants Edwar Amean and Mody Amean to preserve the video in person and sent notice to counsel for Defendants via email to preserve the video, which is in danger of being destroyed because the Klik booth CCTV system only retains video for thirty days.  Id.

## DISCUSSION

Federal Rule of Civil Procedure 26(d) provides that a party may not seek discovery from any source before the Parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure or by stipulation or court order. However, Courts in this District have authorized subpoenas to third parties for the preservation of documents prior to the start of formal discovery.  McBryde-O'Neal v. Polichetti, No. 23 Civ. 10113 (JPC) (RFT), 2024 WL 195571, at *1 (S.D.N.Y. Jan. 17, 2024) (collecting cases).

A party is obligated to preserve evidence when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001).  Because the Federal Rules of Civil Procedure require a party to preserve relevant material in anticipation of and during litigation an order from the Court is typically not necessary.  Ok-gu v. DistroKid, Inc., No. 25 Civ. 9818 (VSB),

2026 WL 621823, at *6 (S.D.N.Y. Mar. 4, 2026) (internal citations omitted). Courts in this District have applied different standards in assessing whether to enter a preservation order "but, at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order." Id.

Plaintiff's first motion for a preservation order for evidence in the possession of Steve Doe is **DENIED**.  Plaintiff seeks to preserve "essential discoverable materials regarding allegations in the complaint."  Dkt. No. 25 at 1.  Plaintiff does not identify what evidence he seeks to preserve such that this Court could define the scope of Steve Doe's obligations. Treppel v. Biovail Corp., No. 03 Civ. 3002 (PKL_ (JCF), 233 F.R.D. 363, 369 (S.D.N.Y. 2006) ("[A] preservation order protects the producing party by defining clearly the extent of its obligations.  In the absence of such an order, that party runs the risk of future sanctions if discoverable information is lost because it has miscalculated.").  Because Plaintiff's motion to preserve is vague and overbroad, this Court will not enter a preservation order for materials in the custody of Steve Doe.

As for the second motion for a preservation order directing Defendants to preserve surveillance video from the night of May 26, 2026, Plaintiff's request is **DENIED**.  Defendants have an affirmative obligation to ensure any evidence that may be relevant to this litigation or anticipated future litigation is not destroyed. Okgu, 2026 WL 621823, at *6.  Plaintiff has provided no evidence to suggest Defendants are likely to destroy the video. In re Zeta Global Data Privacy Litigation, No. 25 Civ.

4

5780 (PAE), 2026 WL 1283618, at *2 (S.D.N.Y. May 11, 2026) (declining to enter a preservation order where Plaintiff did not offer evidence that Defendants were likely to destroy evidence).  Furthermore, Defendants are on notice to preserve the May 26th video because Plaintiff emailed counsel for Defendants requesting preservation of the video.  Dkt. No. 28 at 2.  Accordingly, a preservation order is not warranted.  See Tyler v. Peterson, 2022 WL 11629009, at *3 (E.D.N.Y. Oct. 20, 2022) (declining to issue a preservation order for surveillance video at a correctional facility but warning Defendants about their duty to preserve relevant evidence.).

## CONCLUSION

For the reasons stated above, Plaintiff's motions for preservation orders are **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 25, 28, 34.**

SO ORDERED.

DATED:   New York, New York
         June 18, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

5