The Court is in receipt of Defendants' request for a stay of discovery pending resolution of Defendants' motion to dismiss. (Dkt. No. 30).

Defendants are directed to again electronically provide copies of all authorities cited in their motion to Plaintiff by **September 1, 2026** and file an update on ECF confirming that they did so. (*see* Dkt. No. 22).

Plaintiff's response detailing his opposition to the request is due by **September 9, 2026,** and is not to exceed five (5) pages.

**SO ORDERED.**

JENNIFER E. WILLIS
United States Magistrate Judge
August 28, 2026

SPODEK LAW GROUP P.C.
Treating you like family since 1976

August 27, 2026

**<u>BY ECF</u>:**

Hon. Jennifer Willis, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square, Chambers 425
New York, NY 10007

RE: *Obiagwu v. A*
<u>Case No. 1:2</u>

Dear Judge Willis:

As you are aware, this office represents Defendants Edwar Amean, Mody Amean, Mario Amean, Adel Ghattas, and Klik Photography with respect to the above referenced action. (collectively, "Defendants"). We respectfully write to you today pursuant to Section II(a) of Your Honor's Individual Practice Rules, seeking a stay of all discovery pending the Court's resolution of Defendants' motions to dismiss (Dkt. Nos. 30, 47).

Additionally, as per You Honor's Individual Rules and Practices, on August 26, 2026 at approximately 3:50 p.m. ET, Defendants' counsel, Jeremy Feigenbaum, on behalf of Defendants, met and conferred in good faith on via email with Plaintiff regarding Defendants' request for a stay of discovery. On or about August 27, 2026 at approximately 3:07 a.m. Plaintiff informed Defendants' counsel, that Plaintiff opposes the request and the reasons for such opposition.

**<u>BACKGROUND</u>**

Plaintiff Emmanuel Obiagwu, proceeding *pro se*, filed his original Complaint on August 19, 2025. Subsequently, on or about April 24, 2026, Defendants moved to dismiss Plaintiff's Complaint pursuant to FRCP Rules 8, 9 and 12(b)(6). On May 15, 2026, Plaintiff filed a First Amended Complaint asserting fourteen causes of action against Defendants arising from alleged business relationships and personal interactions in the Times Square area of New York City. The First Amended Complaint alleges approximately **16 different causes of action**, among other things, breach of contract, defamation, copyright infringement, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), antitrust violations, discrimination and harassment, malicious prosecution, conversion, fraud, and negligence.

Plaintiff alleges that he entered into both oral and written agreements with Defendants to collaborate on various business ventures, including a high-end photography business, an iris-photography business, and an online jewelry business. Plaintiff contends that Defendants failed to compensate him as agreed, diverted business opportunities, engaged in a campaign of defamation, infringed his copyrights, threatened and extorted him, employed undocumented workers, and engaged in anticompetitive conduct. The First Amended Complaint spans alleged conduct over multiple years and across multiple jurisdictions, including New Jersey, Florida, California, Germany, and Dubai. Plaintiff seeks damages in excess of $2,000,000, including backpay exceeding $300,000, compensatory damages, and punitive damages.

SPODEK LAW GROUP P.C.
Treating you like family since 1976

**Jeremy Feigenbaum, Esq.**
Direct Dial (347)-292-8630
jf@spodeklawgroup.com

On June 5, 2026, Defendants filed a motion to dismiss the First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as Rules 8 and 9. Defendants' motion challenges the legal sufficiency of every cause of action and argues that the First Amended Complaint is characterized by conclusory allegations, lack of factual specificity, failure to plead essential elements, and improper group pleading. Said motion has been fully briefed by all Parties.

**LEGAL STANDARD**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "a district court may stay discovery upon a showing of 'good cause.'" *Johnson v. N.Y. Univ. Sch. of Educ*., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citation omitted) (staying discovery pending court ruling on motion to dismiss). Courts in this District have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' . . . ." *Id*. (citation modified). "In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: '(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" *Marrazzo v. Flagstar Fin., Inc*., 2025 U.S. Dist. LEXIS 191675, at *2; *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified) (staying discovery pending court ruling on combined Rule 12(b)(1) and 12(b)(6) motion to dismiss); *Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V.*, 2026 WL 743435, at *10–11 (S.D.N.Y. Mar. 17, 2026) (granting contested motion for discovery stay). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Marrazzo*, 2025 U.S. Dist. LEXIS 191675, at *2.

Furthermore, it is well established that "the party 'seeking a stay must present substantial arguments for dismissal.'" *Palladino v. JP Morgan Chase & Co*., 345 F.R.D. 270, 274 (E.D.N.Y. 2024). In this regard, "raising substantial issues with regard to . . . all[ ] of the causes of action alleged in the complaint' . . . is sufficient to warrant a stay." *Id*. Stated another way, a stay of discovery is appropriate when the arguments in support of defendant's motion to dismiss "are, at minimum, 'colorable.'" *Khan v. New York City,* 757 F. Supp. 3d 327, 335 (E.D.N.Y. Nov. 18, 2024); *Salese v. JP Morgan Chase & Co.,* 2023 U.S. Dist. LEXIS 138016, at *2 (E.D.N.Y. Aug. 8, 2023) ("It appears Defendant's arguments are at least not unfounded in the law."); *Renois v. WVMF Funding, LLC*, 2021 U.S. Dist. LEXIS 83397, at *1 (S.D.N.Y. Apr. 30, 2021) (granting a stay of discovery pending the resolution of Defendants' potentially dispositive motion).

**ARGUMENT**

**I. Defendants' Motion to Dismiss Has Substantial Grounds**

Defendants can show that Plaintiff's claims are unmeritorious as each fails to state a claim. Defendants' motion to dismiss argues as follows: *First*, the breach of contract fails as it does not please the existence of an enforceable contract with sufficiently definite terms. *Second,* the defamation claim fails as Plaintiff generally does not identify the precise defamatory words, speaker, date, place, manner of publication or specific recipient, and does not plead special damages. *Third*, the copyright infringement claim fails as Plaintiff does not allege registration of any copyright, which is a statutory prerequisite for this claim. *Fourth*, Plaintiff's breach of

SPODEK LAW GROUP P.C.
Treating you like family since 1976

**Jeremy Feigenbaum, Esq.**
Direct Dial (347)-292-8630
jf@spodeklawgroup.com

fiduciary claim fails as Plaintiff has failed to plead any facts establishing a fiduciary relationship, and the alleged joint venture lacks allegations concerning shared control and losses. *Fifth,* the negligence claim fails as Plaintiff fails to identify any legal duty owed by Defendants to Plaintiff. *Sixth*, the negligent supervision claim fails as Plaintiff fails to plead prior knowledge by Defendants of any known dangerous or tortious propensity of the child or facts establishing a duty to restrain and supervise him. *Seventh*, the RICO claim fails as Plaintiff does not plead a cognizable RICO enterprise or a pattern of racketeering activity. *Eighth*, the antitrust/unfair competition claims fail as Plaintiff pleads only harm to himself rather than injury to the competitive process. *Nineth*, the tortious interference with contractual relations fails as Plaintiff pleads that "John Doe" and not Defendants, induced a breach of a contract. *Tenth*, the malicious prosecution claim fails as Plaintiff does not allege the proceeding was commenced without probable cause and with malice. *Eleventh*, the abuse of process claim fails as Plaintiff does not plead that Defendants employed regularly issued legal process, nor that Defendants intentionally misused that process after issuance. *Twelfth*, the discrimination claims fails as Plaintiff does not identify the statutory basis for the claim, nor does he plead exhaustion of administrative remedies, and generally fails to allege he was an employee of Defendants. *Thirteenth*, the harassment claim fails as New York does not recognize common-law harassment as a civil cause of action. *Fourteenth*, the sexual harassment claim fails as nearly every allegation is conclusory and any factual allegations are non-actionable and do not rise to the level required to state a claim. *Fifteenth*, Plaintiff's conversion claim fails as he does not identify the specific property involved, when or where the alleged conversion took place, or that he demanded its return. Lastly, *Sixteenth*, Plaintiff's fraud claim is merely a repackaged breach of contract claim, and is further deficient under Rule 9(b) as Plaintiff does not plead the alleged false statements, the speaker, time, place, falsity, reliance or resulting damages.

## II. The Burden of Discovery Outweighs Its Likely Benefit Pending Resolution of the Dispositive Motion

The burden or expense of proposed discovery outweighs its likely benefit where a pending motion to dismiss may eliminate the need for discovery altogether. *Marrazzo* at 7. Here, Defendants seek dismissal with prejudice of the entire First Amended Complaint. If their motion is granted, no discovery will be necessary. Even if the motion is granted in part, the scope of necessary discovery will be substantially narrowed, avoiding the burden of discovery on claims that do not survive. Additionally, allowing discovery to proceed while these threshold questions remain unresolved would impose substantial burden and expense on both parties. The First Amended Complaint alleges a sprawling factual narrative spanning multiple years, multiple business ventures, and interactions with numerous third parties in Times Square and across multiple jurisdictions. Discovery on these claims would necessarily involve extensive document production, depositions of Plaintiff, Defendants, and third-party witnesses, interrogatories, and requests for admission. This is precisely the type of broad and burdensome discovery that courts find should be deferred when a strong dispositive motion is pending. *Johnson*, 205 F.R.D. at 434 (staying discovery and holding that "the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery"); *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (staying discovery where "[t]he discovery requests are extensive and defendants' motions for dismissal do appear to have substantial grounds");

SPODEK LAW GROUP P.C.
Treating you like family since 1976

Jeremy Feigenbaum, Esq.
Direct Dial (347)-292-8630
jf@spodeklawgroup.com

Given the breadth of the allegations and the number of claims and defendants, the discovery burden would be significant. Requiring the parties to engage in discovery before these legal questions are resolved would impose a burden disproportionate to the issues at stake. In complex cases, the Second Circuit has recognized that courts may appropriately limit discovery to prevent litigation expense from becoming disproportionate. *Wills v. Amerada Hess Corp*., 379 F.3d 32 Here, a stay will ensure orderly and reasonable discovery by requiring that threshold legal determinations be made before the Parties (especially Defendants) incur the substantial expense of full-scale discovery. There is a marked disparity in the incentive structures governing the parties' conduct in this litigation. Further, because only Defendants are currently incurring the substantial fees associated with counsel and the discovery process, Plaintiff is effectively immunized from the economic consequences of premature discovery. If allowed to proceed with discovery before resolution of the outstanding motion to dismiss, Defendants will be forced to expend considerable expense in engaging in discovery on claims that may not survive. It would be unfair to require Defendants to expend significant capital on discovery while Plaintiff does not face the same burden. Permitting Plaintiff to subject the Defendants to expensive discovery on claims that may prove legally deficient grants Plaintiff an unearned tactical advantage, effectively using the cost of litigation itself as a coercive tool.

**A. Defendants Need Not File an Answer Until the Motion to Dismiss is Resolved, and the Pleadings Should be Closed before Discovery Commences**

Under Federal Rule of Civil Procedure 12(a)(4), Defendants are not required to serve a responsive pleading until the Court resolves their motion to dismiss. Here, Defendants have stated their intent to assert counterclaims against Plaintiff if this action proceeds and their motion to dismiss is denied in whole or in part. The nature and scope of those counterclaims will depend on which, if any, of Plaintiff's claims survive dismissal. Commencing discovery before Defendants file their answer and assert any counterclaims would be premature and inefficient. Discovery should not proceed until the pleadings are closed and the full scope of the litigation is established. If Defendants assert counterclaims, Plaintiff will be required to respond to them, and the discovery needs of the case will be shaped by the claims and counterclaims that remain. Requiring the parties to commence discovery before the pleadings are closed risks duplicative discovery, wasted effort, and confusion about the scope of relevant discovery.

**III. No Prejudice to Plaintiff Will Result from a Stay**

Plaintiff will suffer no prejudice from a stay of discovery pending resolution of the motion to dismiss. If the motion is denied, discovery will proceed on a schedule set by the Court, and Plaintiff will have full opportunity to conduct discovery on all surviving claims. *Marrazzo v. Flagstar Fin., Inc.,* 2025 U.S. Dist. LEXIS 191675, *7. If the motion is granted, Plaintiff will have been spared the burden and expense of defending against discovery requests on claims that were not legally viable. The delay occasioned by the stay will be brief and is justified by the need to resolve threshold legal questions before committing party and judicial resources to discovery. *Id; Wills v. Amerada Hess Corp.*, 379 F.3d 32 Any concerns about the preservation of evidence can be addressed through appropriate stipulations or orders if necessary. Defendants do not seek to avoid discovery; this motion seeks only to defer discovery until the legal sufficiency of the claims has been determined.

SPODEK LAW GROUP P.C.
Treating you like family since 1976

**Jeremy Feigenbaum, Esq.**
Direct Dial (347)-292-8630
jf@spodeklawgroup.com

This case is in its earliest stages—no Parties have exchanged initial requests for production or issuance of interrogatories, and no depositions have been taken. *Palladino*, 345 F.R.D. at 275 (staying discovery where "this case is still in early stages"). Further, the motion is fully briefed and ready for decision, meaning any delay will be temporary and finite. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending a Rule 12(b)(6) motion because the stay would be necessary only for a limited period of time).

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery pending resolution of the motions to dismiss.

Defendants and their counsel appreciate the Court's time and attention to this matter.

Respectfully Submitted,

**SPODEK LAW GROUP, P.C.**

/s/

BY: Jeremy G. Feigenbaum, Esq.
Spodek Law Group P.C.
Attorneys for Defendant
233 Broadway, Suite 710
New York, NY 10279
(212) 300-5196