**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
EMMANUEL OBIAGWU,

Plaintiff,

-against-

EDWAR AMEAN, MODY AMEAN, KLIK PHOTOGRAPHY, MARIO DOE, ADEL GHATTAS,

Defendants.
--------------------------------------------------------------

**ORDER**

**25-CV-6918 (PAE) (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

With a fully briefed motion to dismiss pending (Dkt. No. 30), Defendants Edwar Amean, Mody Amean, Mario Amean, Adel Ghattas, and Klik Photography (collectively "Defendants") move this Court to temporarily stay discovery until after their motion is decided. Dkt. No. 50. Plaintiff Emmanuel Obiagwu ("Plaintiff") objects to the stay. Dkt. No. 59.

For the following reasons, Defendants' motion for a temporary stay of discovery pending resolution of their motion to dismiss is **GRANTED.** However, as further explained below, Defendants are ordered to serve their initial requests for documents based on the Amended Complaint by **October 16, 2026.** Except for this narrow exception, discovery is stayed. Accordingly, no further subpoenas or requests to third parties should be made in relation to the case, and no other requests for documents or information should be made.

## LEGAL STANDARD

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

26(c)(1). A court has considerable discretion to stay discovery. Republic of Turkey v. Christie's, Inc., No. 17 Civ. 3086 (AJN) (SDA), 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); Fed. R. Civ. P. 26(c)(1). The burden of establishing "good cause" falls on the party seeking the order. Republic of Turkey, 316 F. Supp. 3d at 677.

A pending motion to dismiss is not alone "good cause" to stay discovery. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., No. 12 Civ. 6010 (JMF) (GWG), 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Rather, a court determining whether to grant a stay of discovery pending a motion "must look to the particular circumstances and posture of each case." Id. Courts consider multiple factors, including 1) the breadth of discovery sought and the burden of responding to it, 2) the prejudice that would result to the party opposing the stay, and 3) the strength of the pending motion forming the basis of the request. Republic of Turkey, 316 F. Supp. 3d, at 677.

## DISCUSSION

Here, the Court finds that the factors generally weigh in favor of a stay of discovery *except for* Defendants' initial requests for documents, which they must serve by **October 16, 2026**.

### A. The Breadth and Burden of Discovery

The scope and scale of discovery in this case weigh in favor of waiting until the pending motion to dismiss is resolved. This case is in the very early stages of discovery. Plaintiff served his initial discovery requests by August 27, 2026, which is the deadline that the Court set for initial document requests. Dkt. No. 59 at 2-3. Rather than file their own discovery requests, Defendants filed the motion to stay on August 27. Dkt. No. 50. Plaintiff has also, of his own accord, served interrogatories,

pursued subpoenas, and interviewed relevant individuals about the case. Dkt. No. 59 at 2. Although the discovery sought in this case so far has come entirely from Plaintiff, that asymmetry does not change the fact that discovery in this case is in its initial phase. See Palladino v. JPMorgan Chase & Co., No. 23 Civ. 1215 (MKB) (JAM), 345 F.R.D. 270, 275 (E.D.N.Y.), aff'd, 730 F. Supp. 3d 4 (E.D.N.Y. 2024) (staying discovery pending a dispositive motion even in part because "this case is still in early stages" despite "significant motion practice" entirely by Plaintiffs).

Although the Court does not have insight into the content of Plaintiff's initial requests to Defendants, the totality of discovery relevant to the Amended Complaint is massive, in part because of the breadth of Plaintiff's claims. Dkt. Nos. 23, 50 at 3-4. Plaintiff recites 16 causes of action against Defendants, including both individuals and corporate entities. Dkt. No. 23. These causes of action range from breach of contract to discrimination to conversion to defamation to copyright infringement to antitrust to fraud. Id. and Dkt. No. 50 at 2-3. The list of third parties whose documents and testimony are implicated by the allegations is similarly expansive because the Amended Complaint covers conduct across the world by actors including other photographers, janitorial and security staff in Times Square, New York police officers, and social media content creators and celebrities. See, e.g., Dkt. No. 23 at ¶¶ 63-66. Without any narrowing of the claims, the documents and depositions needed to develop the factual record would be immense. Dkt. No. 50 at 2-3.

Because Plaintiff has already served five third party subpoenas for documents, he argues that "[a] stay of discovery would be unjust to the five third parties who are

already weeks into their production of documents". Dkt. No. 59 at 2. The Court does not agree. Pausing document collection and production efforts will not harm these third parties. And to the extent that discovery from these third parties is necessary to pursue any remaining claims, the effort already undertaken by these third parties will not be wasted and will allow them to respond accordingly at that juncture.

Both sides advance arguments regarding the time and resources that would be required to pursue discovery. Id. at 4; Dkt. No. 59 at 3-4. But the Court need not parse which party will bear the greater burden or expense related to discovery. Defendants articulate good cause for a stay. Because the motion to dismiss addresses the Amended Complaint in its entirety, resolution will clarify which claims against which Defendants remain in the case. Thus, a ruling on the motion to dismiss could eliminate the need for discovery that is overly costly, burdensome, and time-consuming. Johnson v. New York Univ. Sch. of Educ., No. 00 Civ. 8117 (WK) (RLE), 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay where motion to dismiss could "obviate the need for burdensome discovery" in the form of extensive interrogatories). Given the far-reaching claims, clarity as to which claims have potential merit will be more efficient for Defendants, Plaintiff, and the Court alike.

**B. Prejudice to Party Opposing the Stay**

Second, the Court analyzes the potential prejudice to Plaintiff, as the party opposing the stay. Overall, the Court finds that any prejudice to the Plaintiff will be outweighed by the benefits that deferring discovery will bring for all parties. Furthermore, as detailed below, the Court finds that requiring Defendants to serve

their initial document requests will mitigate Plaintiff's concerns about information asymmetry. Dkt. No. 59 at 2-3.

Plaintiff states that he "has not had any clients and is at a loss of business since late 2024 as a result of the defamation alleged in this matter and is at a great loss litigating this case . . . . Defendants can afford to stretch the case out as long as possible to weaken Pro-Se plaintiff who is currently out of work and not earning". Dkt. No. 59 at 4. A stay will certainly delay discovery, but mere delay is not enough to constitute prejudice. See O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS) (GWG) at Dkt. No. 118, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery"). Although the Court is sympathetic to Plaintiff's desire for a speedy resolution, it does not believe that granting this stay of discovery will extend the overall timeline to resolve the case. The motion to dismiss will clarify the scope of discovery, thus avoiding early discovery efforts and expenditures, including on the part of Plaintiff, that may eventually end up being irrelevant to the surviving claims.

Beyond delay, Plaintiff makes several arguments regarding prejudice that the Court will consider in turn.

First, Plaintiff raises concerns about prejudice due to the timing of Defendants' motion to stay. Because Plaintiff has served extensive discovery already, he has "revealed all his witnesses and strategies", and "[s]taying the discovery will give Defendants approximately 7 months to sit on and dissect all plaintiff's strategies

which have been revealed through it's *[sic]* request for documents and subpoenas." Dkt. No. 59 at 2-3. Because Defendants have not served their initial discovery requests, Plaintiff has no such insight into Defendants' strategies.

Plaintiff raises legitimate concerns about the timing of Defendants' requests. Defendants made no mention of seeking a stay of discovery in their proposed case management plan or at the initial case management conference before the Court on July 23, 2026. See Dkt. Nos. 36, 39. By that point, Defendants had already filed their motion to dismiss on June 5, 2026. Dkt. No. 30. All the reasons that Defendant now articulates in support of a stay were known to Defendant at the initial conference, but no mention of this potential request was made.

Even more concerning to the Court is Plaintiff's representation that "On or about August 20th Defendants confirmed by telephone they will be sending their request for documents & interrogatories 'in a week' which would fall by the deadline of August 27th". Dkt. No. 59 at 3. Plaintiff then served his requests, and instead of serving theirs as planned, Defendants filed the request to stay discovery. Id. at 2-3. This troubles the Court. Either Defendants were not forthcoming about their intentions to stay the case instead of serving discovery when they spoke to Plaintiff, or they later changed their mind but did not provide an update to him. Regardless, this is not how the Court expects parties to engage with each other, whether *pro se* or represented by counsel. See the Court's Individual Rules at II. F.

Thus, to reduce the inequity created by the timing of Defendants' request for a stay, the Court orders Defendants to serve initial discovery requests on Plaintiff by

**October 16, 2026**. Defendants are warned that these requests should be comprehensive and undertaken in good faith. Down the line, the Court will not look favorably on extensive supplemental discovery requests concerning topics that Defendants could have pursued now, based on the Amended Complaint.

Second, Plaintiff raises concerns of prejudice based on a fear that Defendants may approach potential witnesses and convince them not to reveal information. Dkt. No. 59 at 2. But the Court notes that, as discussed in the earlier order denying Plaintiff's preservation motion, the Federal Rules of Civil Procedure bar the destruction of evidence and require that parties preserve potentially relevant information once they are on notice. Dkt. No. 35 at 3-4. Under federal law, parties are also not allowed to interfere with or obstruct a witness. 18 U.S.C.A. § 1512. When and if discovery resumes, Plaintiff would be able to use the Court's power to compel a witness to respond to discovery requests even if they refuse to do so. Plaintiff may also depose witnesses about their communications with Defendants at that time.

Lastly, Plaintiff argues that Defendants are inappropriately threatening counterclaims against him in retaliation for opposing their motion to dismiss and pursuing his claims. Dkt. No. 59 at 4. The Court does not find this to be a valid critique. Defendants are not abusing the process by waiting to file an answer (including counterclaims) until after the resolution of their motion to dismiss. That procedure is entirely consistent with the Federal Rules of Civil Procedure and the Local Rules of this District.

Beyond the imbalance in information that the Court believes is addressed by Defendants' providing initial discovery requests, the Court finds that any prejudice to Plaintiff would be outweighed by the benefits of a temporary stay of discovery.

**C. Strength of the Motion to Dismiss**

Next, the Court considers the strength of the pending motion to dismiss. Defendants argue that their motion to dismiss all 16 causes of action "has substantial grounds". Dkt. No. 50. Based on its initial assessment, the Court agrees.[1] In addition to the element-by-element issues in each cause of action raised by Defendants, the Amended Complaint contains conclusory statements and is insufficiently specific as to how each of the Defendants' actions satisfy the elements of the causes of action. Dkt. Nos. 30, 47. Illustrative examples follow. Regarding breach of contract, the Amended Complaint recites "All defendants accepted the offer and began performance of acts consistent with the contract. Such as recruiting models, accepting all plaintiff's directives, posting only what's approved by Plaintiff, and having weekly discussions on progression with a meeting of the mind and attending business dinners to discuss steps for the furtherance of the business.". Dkt. No. 23 at ¶27. For his antitrust claim, Plaintiff claims that Defendants collectively "used their influence with Times Square Alliance to remove all 360 video competitors" and made false reports to emergency services to intimidate competitors. Dkt. No. 23 at ¶¶ 139, 148-54. Most of the conduct discussed in the antitrust section also does

[1] The Court will address these arguments and Plaintiff's opposition in detail in the forthcoming Report and Recommendation on Defendants' Motion to Dismiss. Dkt. Nos. 30, 41-42, 47.

not specify who, where, and when the actions took place, let alone how those actions constitute an antitrust violation.

Such claims require guesswork by the Court and Defendants regarding what happened and when, leaving doubts as to whether Plaintiff satisfies the Fed. R. Civ. P. 8 pleading. See Grosse-Rhode v. Annucci, No. 22 Civ. 9343 (LTS) at Dkt. No. 10, 2023 WL 208630, at *3 (S.D.N.Y. Jan. 13, 2023) (ordering amendment because "Plaintiff's complaint, which require the reader to guess what claims he is making and what occurred, is insufficient to provide any defendant with fair notice of the claim, and thus does not comport with Rule 8."). In short, for at least some claims, Defendants appear to make "a strong showing that the plaintiff's claim[s] [are] unmeritorious". Hong Leong Fin. Ltd. (Singapore), 297 F.R.D. at 72. (collecting cases) (internal citations omitted).

## CONCLUSION

For the aforementioned reasons, Defendants' motion to stay discovery is **GRANTED** except for Defendants' initial requests for documents, which they must serve by **October 16, 2026**. The Court will set a discovery schedule if the complaint survives the motion to dismiss in whole or in part.

**The Clerk of Court is respectfully requested to close Dkt. No. 50.**

SO ORDERED.

DATED: New York, New York
September 21, 2026

JENNIFER E. WILLIS
United States Magistrate Judge